IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EDDIE ARTHUR POINDEXTER, JR.                                                    PLAINTIFF
ADC #121353

v.                                      4:22-cv-00676-JM-JJV

J.D. BROWN, Officer, Tucker Unit; *et al.*                                      DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Eddie Arthur Poindexter, Jr. is a prisoner in the Tucker Unit of the Arkansas Division of Correction. He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Correction Officer Brown, Sergeant Smith, and Assistant Warden Emsweller violated his constitutional rights by failing to protect him from inmate Freeman, who threatened to harm him. (Doc. 12.) As relief, Plaintiff seeks an injunction requiring he be transferred to a one-man cell outside of the Tucker Unit. (*Id.*) After careful consideration and for the following reasons, I recommend the Amended Complaint be dismissed without prejudice for failing to state a claim

1

upon which relief may be granted.[1]

First, although prison officials have an Eighth Amendment obligation to "take reasonable measures to guarantee inmate safety," they are not liable "every time one inmate attacks another." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018); *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007). To plead a plausible failure to protect claim, there must be facts suggesting: (1) objectively, there is a substantial risk of serious harm; and (2) subjectively, Defendants know of but are deliberately disregarding that substantial risk of serious harm. *See Axelson v. Watson*, 999 F.3d 541, 546 (8th Cir. 2021); *Blair v. Bowersox,* 929 F.3d 981, 987 (8th Cir. 2019). Plaintiff says he is currently housed in 7A barrack, which is across from 7B barrack where Freeman lives. It is unclear whether these two barracks are restrictive housing or general population. Further, Plaintiff has not explained if inmates in 7A barrack have contact with inmates in 7B barrack, and if so, how often and/or whether it is in the presence of guards. In other words, Plaintiff has not explained how there is currently a substantial risk he will be seriously harmed by Freeman, who lives in a different barrack. *See Blair,* 929 F.3d at 988 (prison officials do not necessarily violate the constitution by "failing to place an inmate in protective custody based on his general fear for his safety"). Thus, the Amended Complaint does not contain a plausible Eighth Amendment failure to protect claim.

Second, Plaintiff says Defendants violated the "14th Amendment Equal Protection clause" by failing to protect him from Freeman. (Doc. 12 at 2.) To plead a plausible equal protection claim, there must be facts suggesting: (1) a prisoner was treated differently from similarly situated

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

inmates; and (2) the different treatment was the result of intentional and purposeful discrimination. *See In re: Kemp*, 894 F.3d 900, 909-10 (8th Cir. 2018); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). Plaintiff says Defendants gave him several disciplinary convictions for refusing to return to general population. But he has not provided any facts suggesting he was treated less favorably than similarly situated prisoners. "Absent a threshold showing that she is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *In re Kemp*, 894 F.3d at 909; *see also Gilani v. Matthews*, 843 F.3d 342, 348 (8th Cir. 2016) (to establish an equal protection violation, the "two groups must be similarly situated in all relevant respects"); *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection"). Thus, Plaintiff has not pled a plausible equal protection claim.

Third, is appears Plaintiff is claiming his due process rights were violated when he received disciplinary convictions for refusing to return to general population, where he believes his safety is in danger. But it is well settled prisoners do not have a constitutional right to remain in general population. *See Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020). Plaintiff was entitled to due process during his prison disciplinary proceedings <u>only</u> if a liberty interest was at stake. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995). Plaintiff has not provided any facts suggesting he had a liberty interest in avoiding placement in restrictive housing due to his refusal to return to general population. *Id*; (prisoners have a liberty interest in avoiding segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life"); *Smith*, 954 F.3d at 1082 (the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship"); *Ballinger v. Cedar Cnty*, MO, 810 F.3d 557, 562-563 (8th Cir. 2016) (temporary loss of privileges

while in segregation does not give rise to a liberty interest).  Thus, he has not pled a plausible due process claim.

Finally, there is no vicarious liability in § 1983 actions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").  Instead, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Although Plaintiff named Building Major Griffin and Warden Budnik in his original Complaint, he did not plead any factual allegations against them in his Amended Complaint.  In contrast, the Amended Complaint includes Defendants Brown, Smith, and Emsweller are vague and confusing.  But Plaintiff has not explained how each of them, through their own individual actions, are currently placing him in a substantial risk of serious harm.  Thus, he has not currently pled a plausible claim against any of the named Defendants.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file a Second Amended Complaint curing them, and cautioned him I would recommend dismissal if he failed to do so within thirty days.  (Doc. 11.)  The time to comply with my instructions has expired, and Plaintiff has not done so.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     The Amended Complaint (Doc. 12) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.     The Court recommend dismissal count as a strike, in the future, for purposes of 28

U.S.C. § 1915(g).[2]

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

    DATED this 18th day of October 2022.

                                                JOE J. VOLPE  
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit recently held that decision of whether a dismissal should be counted as a strike is for the later judge who must determine if the prisoner is barred from proceeding *in forma pauperis*.