IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EDDIE ARTHUR POINDEXTER, JR.                                                            PLAINTIFF
ADC #121353

v.                                           4:22-cv-00676-JM-JJV

JAMESHIA D. BROWN,
Officer, Tucker Unit; *et al.*                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   **DISCUSSION**

Eddie Arthur Poindexter, Jr. is a prisoner in the Tucker Unit of the Arkansas Division of Correction. He has filed a *pro se* Second Amended Complaint, under 42 U.S.C. § 1983, alleging Defendants Officer Jameshia D. Brown and Sergeant Kalah D. Smith violated his constitutional rights by failing to protect him from inmate Freeman, who threatened to physically harm him. (Doc. 16.) All other claims and Defendants have been previously dismissed without prejudice. (Doc. 15.)

Defendant Brown has filed a Motion for Summary Judgment arguing Plaintiff's claim

should be dismissed without prejudice because he failed to properly exhaust his administrative remedies. (Docs. 42-44.) Plaintiff has not filed a Response, and the time to do so has expired. After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's claim against Defendants Brown and Smith be DISMISSED without prejudice, and this case be CLOSED.[1]

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or

---

[1] Service on Defendant Smith at the ADC and two private addresses has been returned unexecuted. (Docs. 23, 36, 39.) In response to my March 31, 2023 Order, Plaintiff has asked the Court to attempt service at the federal prison in Forrest City, Arkansas which is where he believes Defendant Smith is currently employed. (Doc. 40, 46.) However, for the reasons explained herein, service is moot because Plaintiff has not properly exhausted his administrative remedies as to either Defendant.

fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

#### A.   The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

**B.     The ADC's Exhaustion Procedure**

The ADC grievance policy in effect at the relevant time in this case was Administrative Directive 19-34. (Docs. 42-1, 42-2.) This Directive establishes a three-step procedure. (Doc. 42-2.) First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident. The prisoner must provide a brief statement about the issue that includes the date, place, "personnel," and witnesses involved. (*Id*. § IV(E)(2)). Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and that an inmate who "fails to name all parties during the grievance process" may have his or her lawsuit dismissed by the court for failure to exhaust against all parties. (*Id*. § IV(C)(4).) And, the grievance form itself reminds prisoners to include the "name of personnel involved." (*Id.* at 20.) The problem solver must respond to the informal resolution within three working days. (*Id*. § IV(C)(4) and (7).)

Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance with the Warden on the same Unit Level Grievance Form within three working days. (*Id.* § IV(E)(11) and (F)(5)(7).). The Warden must provide a written response to the formal grievance within twenty working days. (*Id*. § IV(F)(7).)

Third, an inmate who is dissatisfied with the response or does not timely receive one, must appeal within five working days to the ADC Assistant Director, who must provide a written response within thirty working days. (*Id*. § IV(F)(8) and (G)(6).) A decision or rejection of an appeal at this level is the end of the grievance process. (*Id*.) Finally, the Directives include the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at § IV(N).)

### C. Plaintiff's Grievances

In her sworn declaration, the ADC Inmate Grievance Supervisor says Plaintiff filed two relevant grievances about the claims raised in this lawsuit: TU-22-243 and TU-22-244.[2] (Docs. 42-1, 42-3.) And Plaintiff has not offered any contrary evidence.

On July 12, 2022, Plaintiff filed TU-22-243 saying that earlier that day Defendant Brown heard Freeman threaten Plaintiff's life and that two non-parties gave him a false disciplinary for reporting Freeman's conduct. (Doc. 42-4.) Because Plaintiff did not mention Defendant Smith in this grievance, as he was clearly required to do by the ADC's exhaustion policy, TU-22-243 is not proper exhaustion of any claims against him. *See Townsend v. Murphy,* 898 F.3d 780, 784 (8th Cir. 2018) (ADC prisoner did not properly exhaust his claim against two of the three officers omitted from a grievance); *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014) (finding improper exhaustion when the "ADC was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" against them in the lawsuit).

Additionally and applicable to both Defendants, Plaintiff did not receive a final ruling on TU-22-243 until August 11, 2022, which was <u>after</u> he commenced this lawsuit on July 22, 2022. (*Id*.; Doc. 1.) "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies <u>before</u> filing suit in federal court." *Johnson*, 340 F.3d at 627 (emphasis in

---

[2] In an abundance of caution, Defendant also provided TU-22-245. (Doc. 42-6.) But I agree this grievance is irrelevant because Plaintiff alleges non-parties refused to notarize his legal papers, which is not a claim he is pursuing in this lawsuit.

5

the original).   And dismissal is mandatory if "exhaustion was not completed at the time of filing." *Id.; see also Booth v. Churner,* 532 U.S. 731, 734 (2001) (the PLRA requires prisoners to complete exhaustion "before suing over prison conditions"); *Harris v. Kemna*, No. 05-2746, 2005 WL 3159569 (8th Cir. Nov. 29. 2005) (unpublished opinion) (affirming dismissal when exhaustion was not complete "at the time of filing").   Although Plaintiff filed his Second Amended Complaint (Doc. 16) after he completed the exhaustion process, the relevant date is when the lawsuit was "commenced," and not when the complaint was subsequently amended.   *See, e.g., Tyler v. Kelley*, No. 5:17-cv-00239-JLH-JTK, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018) (grievance exhausted after the lawsuit was commenced but before amended complaint was filed was not proper exhaustion); *Kelley v. Davis*, No. 2:22-cv-0034-DPM-ERE, 2022 WL 18359331, at n. 8 (E.D. Ark. Aug. 18, 2022) (same); *Abdulaziz/Askew v. Maples*, No. 1:12-cv-102-DPM-JTK, 2013 WL 6579151, at *5 (E.D. Ark. Dec. 13, 2013) (same).   Thus, I conclude Plaintiff did not properly exhaust his claim against Defendant Smith or Brown in TU-22-243.

On July 12, 2022, Plaintiff also filed TU-22-244 saying he feared being harmed by Freeman while in they were both housed in general population.   (Doc. 42-5.)   But Plaintiff did not name any specific ADC officials.   And prison officials rejected this grievance, without addressing the merits, because it was duplicative of TU-22-243.   *See Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"); *London v. Brush-Strode,* No. 3:21-cv-197-DPM-JTK, 2022 WL 19000678, at *3-4 (E.D. Ark. Oct. 19, 2022), *rec. adopted* 2023 WL 2432008 (E.D. Ark. Mar. 9, 2023) (grievances rejected as being duplicative without reaching the merits were not proper exhaustion).   Finally, as with TU-22-243, the final ruling on TU-22-243 was signed on August 11, 2022, which was after Plaintiff commenced this lawsuit.

6

Thus, this grievance is also not proper exhaustion as to the claims raised in this lawsuit.

However, that is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies.  42 U.S.C. § 1997e(a). The United States Supreme Court has broadly construed administrative remedies to be "available" if they are "capable of use for the accomplishment of a purpose."  *Ross v. Blake,* 578 U.S. 632, 642 (2016). And the Court has clarified administrative remedies are "unavailable" only if: (1) the grievance procedure "operates a dead end;" (2) the procedure is "so opaque that it becomes . . . incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross*, 578 U.S. at 643-44; *see also Townsend*, 898 F.3d at 783.  Plaintiff has not offered any evidence or argued administrative remedies were unavailable to him.  Accordingly, I conclude Defendants are entitled to summary judgment because Plaintiff did not properly exhaust his available administrative remedies against them. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

 I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court.   To the contrary, the exhaustion requirement plays a critical role in the remedy process.   The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an

opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Motion for Summary Judgment (Doc. 42) be GRANTED, Plaintiff's claim against Defendants Brown and Smith be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 18th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE